**Motion Denied as Moot and Abatement Order filed March 3, 2022**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-21-00292-CV

---

## C4 FOOD TRUCK, LLC AND ANDY CARDENAS, Appellants

### V.

## KEITH LEWIS AND CHA'QUANIA LEWIS, Appellee

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-47196**

---

### ABATEMENT ORDER

The court recorder notified this court on November 19, 2021, that no audio recordings on this case were made. That same day, the trial court exhibits were filed by the court recorder.

On February 8, 2022, appellants filed a motion to extend time to file their brief asserting the record was electronically recorded and claiming to have a copy.

Rule 34.6(f) of the Texas Rules of Appellate Procedure, applicable to court recorders per Rule 13.1 of the Texas Rules of Appellate Procedure, provides that

an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant portions of the record have been lost or destroyed; (3) whether the portions of the record are necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibits with copies, or (5) if the trial court can determine that the missing portions of the reporter's record can be replaced by agreement. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the

trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

Appellants' motion to extend time to file their brief is denied as moot. The due date for appellants' brief will be re-set following reinstatement of the appeal, if appropriate.


PER CURIAM


Panel Consists of Justices Wise, Poissant, and Wilson.